# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORRINE McALLISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV- 16-1019-D |
| | ) |
| GARAGE DOOR SERVICES OF | ) |
| HOUSTON, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant, Garage Door Services of Houston, Inc. ("GDS"), pursuant to 28 U.S.C. §§ 1441 and 1446, and hereby files this Notice of Removal in the United States District Court for the Western District of Oklahoma. As grounds therefore, Defendant states as follows:

I. **STATEMENT OF THE CASE**

A. Plaintiff Corrine McCallister filed a lawsuit against Defendant in the District Court for Oklahoma County, Oklahoma, styled *Corrine McAllister [sic] v. Garage Door Services of Houston, Inc.,* cause no. CJ-2016-3627. A copy of the docket sheet from CJ-2016-3627 is attached as Exhibit "1," and a copy of Plaintiff's Petition is attached as Exhibit "2." Defendant was served with Plaintiff's Petition on August 5, 2016, via certified mail. A copy of the Summons issued July 20, 2016, is attached hereto as Exhibit "3." Defendant files this Notice of Removal within 30 days of the date of service.

     B.     Plaintiff, Corinne McAllister is a resident of the city of El Reno, Canadian County, Oklahoma and a citizen of the state of Oklahoma.

     C.     Defendant GDS is a foreign corporation whose principal place of business is located in Houston, Texas, and is incorporated in the state of Texas.

     D.     Plaintiff seeks to recover lost wages, including back pay, front pay, lost employment benefits, liquidated damaged and her attorneys fees and costs in an amount that exceeds this Court's jurisdictional requirement.

     E.     Plaintiff sued Defendant alleging violations of Title VII of the Civil Rights Act and the Equal Pay Act.

## II. APPLICABLE LAW

     A.     As demonstrated herein, there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds this Court's minimum jurisdictional limit, giving this Court original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

     B.     This Court also has federal question subject matter jurisdiction over this civil action because Plaintiff seeks to recover damages arising out of violations Title VII and the Equal Pay Act, federal laws.  Removal of this action is proper because Plaintiff has alleged claims for relief that arise under federal law.  Federal district courts have original jurisdiction over all civil actions arising from the laws of the United States, 28 U.S.C. § 1331; 28 U.S.C. § 1441; and supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a) because they arise out of the same case or controversy as Plaintiff's federal claims.

C. Where concurrent jurisdiction exists in the state and federal courts and where original jurisdiction exists in the federal courts, removal is allowed by 28 U.S.C § 1441(a) unless specifically prohibited by act of Congress. *Barrett v. McDonald's of Oklahoma City*, 419 F. Supp. 792, 795 (W.D. Okla. 1976); *Goettel v. Glenn Berry Mfrs., Inc.*, 236 F. Supp. 884, 885 (N.D. Okla. 1964).

D. Removal to this judicial district is proper pursuant to 28 U.S.C. § 1441(a), as this is the district and division embracing Oklahoma County where the state court action is pending:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* The Western District of Oklahoma encompasses Oklahoma County. 28 U.S.C § 116(c). Because Defendant removes this matter within 30 days after receipt of service of Plaintiff's Petition, removal is timely. *See* 28 U.S.C. § 1446(b). Plaintiff has made a jury demand in the underlying action filed in Oklahoma County.\

E. Defendant will give prompt written notice of the filing of this Notice of Removal to the Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Court of Oklahoma County, Oklahoma. *See* 28 U.S.C. § 1446(d).

F. True correct and legible copies of the state court docket sheet, Plaintiff's Petition and the summons served upon Defendant are attached as Exhibits 1, 2 and 3 respectively. Other pleadings filed to date are attached hereto as follows:

Exhibit 4    ENTRY OF APPEARANCE BY LEAH ROPER, ATTORNEY FOR PLAINTIFF

C. Where concurrent jurisdiction exists in the state and federal courts and where original jurisdiction exists in the federal courts, removal is allowed by 28 U.S.C § 1441(a) unless specifically prohibited by act of Congress. *Barrett v. McDonald's of Oklahoma City*, 419 F. Supp. 792, 795 (W.D. Okla. 1976); *Goettel v. Glenn Berry Mfrs., Inc.*, 236 F. Supp. 884, 885 (N.D. Okla. 1964).

D. Removal to this judicial district is proper pursuant to 28 U.S.C. § 1441(a), as this is the district and division embracing Oklahoma County where the state court action is pending:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* The Western District of Oklahoma encompasses Oklahoma County. 28 U.S.C § 116(c). Because Defendant removes this matter within 30 days after receipt of service of Plaintiff's Petition, removal is timely. *See* 28 U.S.C. § 1446(b). Plaintiff has made a jury demand in the underlying action filed in Oklahoma County.\

E. Defendant will give prompt written notice of the filing of this Notice of Removal to the Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Court of Oklahoma County, Oklahoma. *See* 28 U.S.C. § 1446(d).

F. True correct and legible copies of the state court docket sheet, Plaintiff's Petition and the summons served upon Defendant are attached as Exhibits 1, 2 and 3 respectively. Other pleadings filed to date are attached hereto as follows:

Exhibit 4    ENTRY OF APPEARANCE BY LEAH ROPER, ATTORNEY FOR PLAINTIFF

Exhibit 5    ENTRY OF APPEARANCE BY AMBER L HURST, ATTORNEY FOR PLAINTIFF

Exhibit 6    ENTRY OF APPEARANCE ATTORNEY FOR DEFENDANT GARAGE DOOR SERVICES OF HOUSTON INC

Exhibit 7    DEFENDANT'S ANSWER

Wherefore, Defendant Garage Door Services of Oklahoma, Inc., respectfully requests that further proceedings in Oklahoma County District Court case CJ-2016-3627 cease and the United States District Court for the Western District of Oklahoma assume full jurisdiction over this action as provided by law.

Respectfully Submitted,

**JURY TRIAL DEMANDED**

*s/ C. Scott Jones*--------------------------
Malinda S. Matlock, OBA No. 14108
C. Scott Jones, OBA No. 21248
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN
P.O. Box 26350
Oklahoma City, OK 73126
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
mmatlock@piercecouch.com
sjones@piercecouch.com

*Attorneys for Defendant*

## **CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that, on the 1st day of September, 2016, a true and correct copy of the within and foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Amber L. Hurst, Esq.
Leah M. Roper, Esq.
HAMMONS, GOWENS,
HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
leah@hammonslaw.com

*Attorneys for Plaintiff*

                                             *s/C. Scott Jones*
                                             C. SCOTT JONES