Case 5:16-cv-01019-D Document 1-2 Filed 09/01/16 Page 1 of 5



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 20 2016

WARREN
COURT CLERK

CJ 16-3627
Parrish

## IN THE DISTRICT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. CORRINE McALLISTER, | ) | **CJ-2016-3627** |
| Plaintiff, | ) | Case No. CJ-2016- |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| 1. GARAGE DOOR SERVICES OF HOUSTON, INC., | ) | |
| Defendant. | ) | |

### PETITION

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Corrine McCallister, an adult resident of Canadian County, Oklahoma.

2. The Defendant is Garage Door Services of Houston, Inc., a foreign profit company doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for gender discrimination including discriminatory pay and retaliation after Plaintiff complained of gender discrimination, in violation of TitleVII of the Civil Rights Act, the Equal Pay Act, and Oklahoma's Anti-Discrimination Act.

EXHIBIT 2

4. The Defendant is located, and does business in, Oklahoma County and the actions giving rise to this action occurred in Oklahoma such that venue is proper under 12 Okla. St. § 134.

## STATEMENT OF FACTS

5. Defendant employed at least fifteen (15) employees during at least twenty (20) weeks of the current or proceeding calendar year and is a covered employee under Title VII. There is no minimum employee requirement for an employer to be subject to the OADA or the EPA.

6. The Plaintiff (female) was employed by the Defendant beginning around July 11, 2006, and worked as a Secretary.

7. At the time of her termination, the Plaintiff worked under the title of General Manager.

8. The Plaintiff was qualified for her job and performed her job satisfactorily, as shown by her promotions through the years with Plaintiff beginning as a secretary and being promoted, ultimately, to General Manager.

9. Plaintiff's core job titles including supervising day-to-day operations, including personnel management.

10. During her employment, the Plaintiff learned that the Defendant was paying several males, including J. Gritts (Logistics Manager), a less qualified, lower ranking male, more money. In light of Mr. Gritts' qualifications, rank and experience the only reason for the pay differential was gender.

11. Mr. Gritts, though performing under a different job title, had core tasks similar to the Plaintiff including supervision and personnel management responsibilities.

12. Additionally, male managers in similar or lesser positions than the Plaintiff at other facilities, were making substantially more than the Plaintiff.

13. During her employment, including in mid-February 2016, the Plaintiff complained to Hans Wright (male, Vice President of Sales) John Wright (male, Vice President) that she was being discriminated against because of her gender.

14. The Plaintiff was terminated around March 7, 2016.

15. The claimed reason for the termination was that Plaintiff's job position was being eliminated.

16. The reason for Plaintiff's termination is untrue, as Plaintiff's position was not eliminated and was filled by a male.

17. As a direct result of the Defendant's conduct she has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm symptoms including worry, stress, frustration and similar unpleasant emotions.

18. At the least, the Defendant's conduct was motived by her gender and/or complaints of gender discrimination. Such factors may also have been significant factors in the Plaintiff's termination.

19. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on March 25, 2016. The EEOC issued Plaintiff her right to sue letter on July 11, 2016, and the Plaintiff received such letter thereafter. This

complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above allegations and further alleges:

20. Discrimination on the basis of gender (including discrimination in pay and retaliation after Plaintiff complained of gender discrimination) violates Title VII of the Civil Rights Act, the OADA and the Equal Pay Act.

21. Under all statutes, Plaintiff is entitled to her wages loss (including back, present and front pay along with the value of benefits associated with such wages).

22. Under the OADA and the EPA, the Plaintiff is entitled to liquidated damages.

23. Plaintiff is entitled to emotional distress under Title VII.

24. Because the conduct of the Defendant was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

25. Plaintiff is also entitled to an award of attorney fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**RESPECTFULLY SUBMITTED THIS 20th DAY OF JULY, 2016.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

*/s/ Amber L. Hurst*

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Amberh@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

5